<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GWYNETH K. MURRAY-NOLAN,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT RUBIN, *et al.*,<br><br>Defendants. | Civil Action No. 22-00801 (SDW) (AME)<br><br>**WHEREAS OPINION**<br><br>February 17, 2022 |

**THIS MATTER** having come before this Court upon Plaintiff Gwyneth K. Murray-Nolan's ("Plaintiff" or "Murray-Nolan") filing of a Motion for an Order to Show Cause with Temporary Restraints, (D.E. 2), against Cranford school officials and the Cranford Board of Education ("BOE"), its members, and its legal counsel (collectively, "Defendants"); and

**WHEREAS** Plaintiff alleges that Defendants violated her federal constitutional First Amendment rights to freedom of speech, assembly, and politically protected speech by cancelling an already commenced January 24, 2022 BOE meeting prior to the public comment portion of the meeting because Plaintiff refused to wear a facemask after the BOE's attorney requested she do so and asserted that mask wearing is required per Executive Orders 251, 253, and 281. (Compl. at 4–6, 8–9.) Plaintiff also alleges that Defendants' same actions violated her New Jersey constitutional due process rights, and that Defendants additionally attempted to threaten, intimidate, and coerce Plaintiff by posting a statement on social media regarding the meeting cancellation and sending an email to Cranford parents and guardians notifying the public about the mask requirement and mask exception process for the February 14, 2022 and February 28, 2022

BOE meetings. (Compl. at 10–11.) Plaintiff further alleges that Defendants conspired to violate her federal constitutional First Amendment rights by performing the aforementioned actions in concert. (Compl. 11–13.) Plaintiff moves this Court to issue a temporary restraining order ("TRO") and preliminary injunction restraining Defendants from "not having in-person [BOE] meetings as scheduled on February 14, 2022, February 28, 2022, and as further scheduled thereafter"; "exiting/cancelling an in-person [BOE] meeting"; "threatening the arrest of any parent/public citizen attending an in-person BOE meeting who is exercising his or her First Amendment" rights; attempting to deprive BOE meeting attendees of their free speech rights by cancelling or walking out of scheduled meetings; attempting to restrict freedom of speech; attempting to restrict politically protected speech; threatening, intimidating, or coercing Plaintiff and others "via social media posts or by any other means"; and "taking further retaliatory action against the Plaintiff" or her minor children. (D.E. 2 at 20–21.); and

**WHEREAS**, pursuant to Rule 65, a movant requesting an expedited Order to Show Cause ("OSC") with Temporary Restraints without "written or oral" notice to the movant's opponent must present "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and the movant's attorney must "certif[y] in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(A)–(B); *see* L. Civ. R. 65.1(a) (emphasizing that the movant must provide "a clear and specific showing" of exigency by affidavit or other sworn statement); and

**WHEREAS** Plaintiff provided a verified complaint, per the Rule 65 requirement, but Plaintiff's counsel failed to provide a certification in writing setting forth efforts made to give notice to Defendants and the reasons such notice should not be required. *See* Fed. R. Civ. P.

2

65(b)(1)(A)–(B).  While Plaintiff alleged that Defendants were preparing to "violate Plaintiff's rights at the February 14, 2022 BOE meeting"—a meeting scheduled to be held the same day the OSC was filed with this Court, Plaintiff's motion did not include the required certification regarding notice, provided no details regarding the preparations Defendants were taking to violate Plaintiff's rights, and offered no discernible justification for requesting an expedited procedure and deviating from a standard notice of motion schedule.  (*See* D.E. 2 at 52.); therefore

Plaintiff's Motion for an Order to Show Cause with Temporary Restraints is **DENIED WITHOUT PREJUDICE**.  An appropriate order follows.

                                                            /s/ Susan D. Wigenton
                                      **SUSAN D. WIGENTON, U.S.D.J.**

Orig:  Clerk
cc:     Andre M. Espinosa, U.S.M.J.
        Parties